FILED
2006 Nov-14 PM 02:46
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# EASTERN DIVISION

| | | |
|---|---|---|
| OKEY GARRY OKPALA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | 1:06-cv-01379-KOB-JEO |
| | ) | |
| WARDEN D. B. DREW, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## **MEMORANDUM OF OPINION**

The magistrate judge filed a report and recommendation on September 29, 2006, recommending that this action filed pursuant to 28 U.S.C. § 1331 be dismissed under 28 U.S.C. § 1915A(b), because the plaintiff failed to exhaust his administrative remedies *prior* to filing this lawsuit.  The plaintiff filed objections to the report and recommendation on October 5, 2006.

The plaintiff argues that the magistrate judge "improperly" concluded that he failed to exhaust his administrative remedies as required by the PLRA.  The plaintiff recites the various administrative grievance forms he submitted, admits that they were rejected, and makes no claim that he ever corrected the inadequacies of his grievances and exhausted the procedure prior to filing this lawsuit.

Title 42 U.S.C. § 1997e(a)[1] plainly requires that administrative remedies be exhausted <u>before</u> the filing of a § 1983 suit, rather than while the action is pending.  The statute provides for no exceptions.  To hold otherwise would encourage premature filing by potential litigants, thus undermining Congress' purpose in passing the PLRA, which was to provide the federal courts some relief from frivolous prisoner litigation.  *Wendell v. Asher*, 162 F.3d 887, 890-91 (5th Cir. 1998) (citing legislative history in *Underwood v. Wilson*, 151 F.3d 292 (5th Cir. 1998)).  The Supreme Court has also said that the PLRA's exhaustion requirement *applies to all inmate suits about prison life,* whether they involve general circumstances or particular episodes.  *Porter v. Nussle,* 534 U.S. 516, 532, 122 S. Ct. 983, 992, 152 L. Ed. 2d 12 (2002).

In the present case, the plaintiff's own submissions demonstrate that he did not properly exhaust his administrative remedies before filing this lawsuit.  The plaintiff filed a BP-9 on June 28, 2006, which was rejected because he had failed to file a BP-9 with the Warden first.  The plaintiff then filed this lawsuit on July 17, 2006, three days before he filed a BP-10 on July 20, 2000, appealing the rejection of his BP-9.  The statute precludes any further action on the plaintiff's claims until he has fully and properly exhausted the administrative remedy procedure.  *See Woodford v. Ngo*, 126 S. Ct. 2378, 2006 WL 1698937 (June, 2006).

Having carefully reviewed and considered *de novo* all the materials in the court file, including the report and recommendation and the objections thereto, the court is of the opinion that the magistrate judge's report is due to be and is hereby **ADOPTED** and the recommendation is

---

[1]  Title 42 U.S.C. § 1997(e)
(a) No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

**ACCEPTED**.  Accordingly, the complaint is due to be **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1915A(b) for failing to exhaust his administrative remedies.  A Final Judgment will be entered.

    **DATED**, this 14th day of November, 2006.

                                            _/s/ Karon O. Bowdre_
                                            KARON OWEN BOWDRE
                                            UNITED STATES DISTRICT JUDGE